UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

KUEHNE + NAGEL INC.,

    Plaintiff,

v.

PREMIER LOGISTICS SOLUTIONS WAREHOUSING, LLC,

    Defendant.
_____/

Case No.:   2:24-cv-02447-DCN

**COMES NOW**, Plaintiff, KUEHNE + NAGEL INC. ("K+N"), by and through the undersigned attorneys, and sues Defendant, PREMIER LOGISTICS SOLUTIONS WAREHOUSING, LLC ("Premier"), and alleges upon information and belief:

## JURISDICTION AND VENUE

1. At all relevant times mentioned herein, Plaintiff K+N was and still is a New York Corporation with its principal place of business in Jersey City, New Jersey.

2. At all relevant times mentioned herein, Defendant, PREMIER LOGISTICS SOLUTIONS WAREHOUSING, LLC is a South Carolina limited liability company with its member, Hal Burton, a resident of Hanahan, South Carolina.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court based upon the mandatory forum selection clause in the Agreement for Services executed by the parties and the terms and conditions expressly incorporated therein.

1

5.      All conditions precedent to bringing this action have been performed, excused, or waived.

## FACTUAL ALLEGATIONS

6.      On or about May 1, 2022, Premier and K+N entered into an Agreement for Services ("Agreement"). Pursuant to the Agreement, Premier agreed to perform certain warehousing and logistics services for K+N and its customers.

7.      However, in breach of the Agreement, Premier did not perform the agreed upon services.

8.      As a result, K+N's customer (3M Company) interposed claims against K+N arising from the services provided by Premier, including but not limited to (i) product that had to be destroyed as a result of not being properly documented, (ii) taxes, duties and other fees resulting from the inaccurate documentation, and (iii) additional logistics fees to have replacement products shipped to the impacted destinations, loss or damage to goods, and misrouted freight. The total amount of these claims is approximately $751,755.07.

9.      Further, K+N's customer (3M Company) interposed claims against K+N as 3M also had to reallocate the time of several employees from their normal day-to-day responsibilities to activities solely focused on responding to and resolving the issues that resulted directly from these improper outbound shipments. The total amount of these claims is approximately $83,504.00.

10. Pursuant to the Agreement, Premier is responsible to reimburse K+N for the full replacement cost of the product. (Agreement ¶ 7(c)).

> **7. Limitation of Liability** (c) In the event of any loss or destruction of or damage to Goods for which Vendor is liable under this Agreement, Kuehne + Nagel agrees that Vendor's liability shall be limited to the lesser of the following: (a) the actual cost of replacing or reproducing the lost, damaged and destroyed Goods, or (b) the fair market value of the lost, damaged and destroyed Goods; provided that under no circumstances shall Vendor's liability for loss or destruction of or damage to the Goods exceed $200,000 per occurrence not to exceed $500,000 million in any one Contract Year.

11. Further, Premier is contractually obligated to indemnify K+N for the claims. (Agreement ¶ 8).

> **8. Indemnification.** Each Party (the "Indemnitor") shall be responsible for and shall indemnify and save harmless the other Party, and its affiliated entities, and its and their employees, officers, directors and agents (each an "Indemnitee") of, from and against any and all loss, claim, or damage, including reasonable attorney's fees and court costs asserted against any Indemnitee by and/or on behalf of any third party arising out of or resulting from (i) the negligent acts or omissions of the Indemnitor, its employees or agents (ii) the Indemnitor's and/or any of its employees' or agents' failure to comply with applicable federal, state or local laws, regulations, or orders or (iii) breach of any obligation of the Indemnitor under this Agreement. For avoidance of doubt, Vendor's indemnity obligations under this Section 8 shall not apply to loss or destruction of or damage to Goods since such claims are addressed in Section 7(c) above. Except for any claim based on subparagraph (ii) above, under no circumstances shall Vendor's liability under this Section 8 exceed $100,000 in any one occurrence or $1Million in any Contract Year.

12. In addition, Premier shall maintain warehouse legal liability insurance in an amount not less than $3,000,000 per occurrence. (Agreement ¶ 6(a)(4)).

> **6. Insurance.** (a) Vendor shall maintain at its own expense, during the term of this Agreement, at least the forms and amounts of insurance set forth below:
>
> (4) Warehouse Legal Liability Insurance. Covering loss or destruction of or damage to personal property in Vendor's care custody or control, caused by the Vendor's failure to exercise reasonable care, in an amount not less than $3 million ($3,000,000) per occurrence.

13. As a result of Premier's breaches, negligence, acts, and omissions, K+N has suffered damages in an amount in excess of $835,259.00.

## COUNT I – BREACH OF CONTRACT

14. K+N realleges and repeats Paragraphs 1-13 as if set forth herein at length and alleges further that:

15. That prior to the institution of this action, K+N and Premier entered into business agreements, including the Agreement for Services, whereby Premier rendered services for the benefit of K+N and its customers and agreed to be bound by the terms and conditions of the agreements.

16. That both Parties mutually assented to the terms of the contractual relationship in which Premier was to provide certain services and in consideration K+N was to pay Premier certain monies.

17. However, in breach of the Agreement, Premier did not perform the agreed upon services.

18. As a result, K+N's customer (3M Company) interposed claims against K+N arising from the services provided by Premier, including but not limited to (i) product that had to be destroyed as a result of not being properly documented, (ii) taxes, duties and other fees resulting

4

from the inaccurate documentation, and (iii) additional logistics fees to have replacement products shipped to the impacted destinations, loss or damage to goods, and misrouted freight.

19.     Pursuant to the Agreement, Premier is responsible to reimburse K+N for the full replacement cost of the product. (Agreement ¶ 7(c)).

> **7. Limitation of Liability** (c) In the event of any loss or destruction of or damage to Goods for which Vendor is liable under this Agreement, Kuehne + Nagel agrees that Vendor's liability shall be limited to the lesser of the following: (a) the actual cost of replacing or reproducing the lost, damaged and destroyed Goods, or (b) the fair market value of the lost, damaged and destroyed Goods; provided that under no circumstances shall Vendor's liability for loss or destruction of or damage to the Goods exceed $200,000 per occurrence not to exceed $500,000 million in any one Contract Year.

20.     Further, Premier shall maintain legal liability insurance in an amount not less than $3,000,000 per occurrence. (Agreement ¶ 6(a)(4)).

> **6. Insurance.** (a) Vendor shall maintain at its own expense, during the term of this Agreement, at least the forms and amounts of insurance set forth below:
>
> (4) Warehouse Legal Liability Insurance. Covering loss or destruction of or damage to personal property in Vendor's care custody or control, caused by the Vendor's failure to exercise reasonable care, in an amount not less than $3 million ($3,000,000) per occurrence.

21.     Pursuant to the Agreement, Premier is obligated to indemnify K+N "from and against any and all loss, claim, or damage, including reasonable attorney's fees and court costs asserted against any Indemnitee by and/or on behalf of any third party arising out of or resulting from (i) the negligent acts or omissions of the Indemnitor, its employees or agents (ii) the Indemnitor's and/or any of its employees' or agents' failure to comply with applicable federal, state or local laws, regulations, or orders or (iii) breach of any obligation of the Indemnitor under this Agreement. For avoidance of doubt, Vendor's indemnity obligations under this Section 8 shall

5

not apply to loss or destruction of or damage to Goods since such claims are addressed in Section 7(c) above. Except for any claim based on subparagraph (ii) above, under no circumstances shall Vendor's liability under this Section 8 exceed $100,000 in any one occurrence or $1 Million in any Contract Year." (Agreement ¶ 8).

22. That Premier is liable to K+N and/or its customers for the claims arising from Premier's services under the Agreement.

23. As a result of the foregoing breach of contract, Premier is liable to K+N for damages in excess of $835,259.00 plus interest, expenses, and attorney's fees.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendant, PREMIER LOGISTICS SOLUTIONS WAREHOUSING LLC, in favor of K+N in an amount in excess of $835,259.00, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT II – NEGLIGENCE

24. K+N realleges and repeats Paragraphs 1-13 as if set forth herein at length and alleges further that:

25. Premier owed a duty to K+N to perform certain logistics services in a workmanlike manner and to exercise reasonable care to perform the services.

26. Premier breached and was negligent in its duty to perform the logistics services.

27. As a direct and proximate result of the negligence of Premier, K+N has suffered damages in an amount in excess of $835,259.00.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendant, PREMIER LOGISTICS

SOLUTIONS WAREHOUSING LLC, in favor of K+N in an amount in excess of $835,259.00, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

### **COUNT III – INDEMNITY**

28.   K+N realleges and repeats Paragraphs 1-13 as if set forth herein at length and alleges further that:

29.   Premier undertook certain obligations as set forth above for due consideration.

30.   Premier breached its obligation by failing to perform its obligations pursuant to the Agreement for Services.

31.   As a result, K+N's customer (3M Company) interposed claims against K+N including but not limited to (i) product that had to be destroyed as a result of not being properly documented, (ii) taxes, duties and other fees resulting from the inaccurate documentation, and (iii) additional logistics fees to have replacement products shipped to the impacted destinations loss or damage to goods and misrouted freight. The total amount of these claims is approximately $751,755.07.

32.   In turn, K+N resolved the claims. Further, such damage resulted from the breaches of contract, warranties, or standard of care (statutory or otherwise); and/or other wrongful acts on the part of Premier, which entitle K+N to the recovery of reasonable attorneys' fees and costs, as well as indemnification and/or contribution.

33.   In addition, Premier is contractually obligated to indemnify K+N "from and against any and all loss, claim, or damage, including reasonable attorney's fees and court costs asserted against any Indemnitee by and/or on behalf of any third party arising out of or resulting from (i) the negligent acts or omissions of the Indemnitor, its employees or agents (ii) the Indemnitor's

and/or any of its employees' or agents' failure to comply with applicable federal, state or local laws, regulations, or orders or (iii) breach of any obligation of the Indemnitor under this Agreement. For avoidance of doubt, Vendor's indemnity obligations under this Section 8 shall not apply to loss or destruction of or damage to Goods since such claims are addressed in Section 7(c) above. Except for any claim based on subparagraph (ii) above, under no circumstances shall Vendor's liability under this Section 8 exceed $100,000 in any one occurrence or $1 Million in any Contract Year." (Agreement ¶ 8).

34.     K+N has incurred and will incur attorney's fees in this matter.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendant, PREMIER LOGISTICS SOLUTIONS WAREHOUSING LLC, in favor of K+N in an amount in excess of $835,259.00, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## ATTORNEY'S FEES

35.     The Agreement provides that "[t]he prevailing Party in any legal action hereunder shall be entitled to reimbursement by the other Party of its litigation expenses, including reasonable attorneys' fees." (Agreement ¶ 15(a)). K+N requests the recovery of its litigation expenses and attorneys' fees pursuant to the terms of the Agreement and any other statutes as may be permitted by law.

## PRAYER

For all these reasons, K+N asks the Court to enter an Order against Premier and a judgment against Premier for the following:

   a. Actual damages in the amount of at least $835,259.00 to K+N;

b. Prejudgment and post-judgment interest as allowed by law;

c. Litigation costs and reasonable attorney's fees; and

d. Any such other and further relief from Premier to which K+N may show itself to be justly entitled.

Dated: April 24, 2024                                    Respectfully submitted,

**McAngus Goudelock & Courie LLC**

By:     /s/ Thomas Lydon
        Thomas E. Lydon
        District Court ID No. 1056
        1320 Main Street, 10th Floor
        Columbia, South Carolina 29201
        Telephone: 803.779.2300
        Facsimile: 803.748.0526
        tlydon@mgclaw.com

**Spector Rubin, P.A.**

By:     /s/ Andrew Spector
        Andrew R. Spector
        Spencer J. Wellborn
        *Pro Hac Vice to be Submitted*
        3250 Mary Street, Suite 405
        Miami, Florida 33133
        Telephone: 305.537.2000
        Facsimile: 305.537.2001
        andrew.spector@spectorrubin.com
        spencer.wellborn@spectorrubin.com

**Attorneys for Plaintiff,
Kuehne + Nagel Inc.**